O

FILED
CLERK, U.S. DISTRICT COURT

SEP - 4 2014

CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMA JEAN DALKE,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,<br><br>    Defendant. | Case No. CV 13-4457 GHK (JCG)<br><br>**ORDER GRANTING, IN PART, PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT** |

    Pending before the Court are Plaintiff's Motion for Attorney's Fees ("Motion") pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A) ("EAJA"), Defendant's Opposition, and Plaintiff's Reply. [See Dkt. Nos. 24-26.] For the reasons stated below, the Petition is **GRANTED IN PART**.

## I.
## INTRODUCTION

    In short, this Petition follows the Court's May 12, 2014 decision to reverse and remand this matter for further administrative proceedings. [Dkt. Nos. 21-23.]

Plaintiff's counsel requests a total of $9,930.00 in attorney's fees. (Mot. at 2.[1])  This sum covers 53.10 attorney hours. (*Id.*)

Defendant counters that the requested fees are unreasonable. (Opp. at 2-4.)

## II.

## **DISCUSSION AND ANALYSIS**

Defendant argues that the requested fees are unreasonable because 53.10 hours for a "routine Social Security case . . . [is] excessive."[2] (*Id.* at 3.)

Plaintiff has the burden of proving by clear and convincing evidence, including proper documentation, that the hours claimed were reasonably expended and not "excessive, redundant, or otherwise unnecessary[.]" *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983). The amount of time reasonably billed for Social Security appeals varies depending on the complexity of the case and the experience of counsel, among other things. *See Widrig v. Apfel*, 140 F.3d 1207, 1209 (9th Cir. 1998). However, "a survey of several dozen cases in which attorney's fees were awarded in social security cases suggests that the 33.75 hours spent by plaintiff's counsel falls within the approved range." *Patterson v. Apfel*, 99 F. Supp. 2d 1212, 1214 (C.D. Cal. 2000); *see Statler v. Astrue*, 2009 WL 195955, at *7 (C.D. Cal. Jan. 26, 2009) ("The reasonable amount of time for an attorney with [22 years] of experience to achieve a successful result is 34 hours.").

The Court is persuaded that some of the time claimed by Plaintiff's counsel is excessive and duplicative, in particular, time spent reviewing the record and preparing the Joint Stipulation.

---

[1] For ease of reference, the Court has sequentially numbered the pages of the Motion (*i.e.*, pages 1-14).

[2] Defendant does not challenge counsel's hourly rate of $187.02, which coincides with the prevailing EAJA rate for 2013. *See Brown v. Colvin*, 2014 WL 1843400, at *6 (E.D. Cal. May 8, 2014).

2

Plaintiff's counsel expended 15.2 hours reviewing the Administrative Record ("AR"). (Mot. at 8.) This, in spite of the fact that he represented Plaintiff at the administrative level, and was, presumably, familiar with the evidence in this case. (*See* AR at 50.) Indeed, Plaintiff's opening brief to the Administrative Law Judge ("ALJ") included numerous citations to the current record. (*Id.* at 202-08.) The Court finds that 10 hours for reviewing the record is reasonable, and thus subtracts 5.2 hours, leaving 47.9 total hours.

Plaintiff's counsel spent an additional 25.5 hours drafting Plaintiff's portion of the Joint Stipulation. (Mot. at 8.) But this case did not present issues that were either unusual or complex. Moreover, Plaintiff made three fairly routine arguments (improper rejection of Plaintiff's credibility, improper evaluation of physicians' opinions, improper residual functional capacity assessment). (Joint Stip. at 3.) In light of counsel's 36 years of experience practicing social security law, (*see* Mot. at 4), 25.5 hours is excessive here. *See Widrig*, 140 F.3d at 1209; *Statler*, 2009 WL 195955, at *7. As such, the Court will subtract 8.5 hours, leaving 39.4 total attorney hours, and thereby bringing that figure within range of the national average. *See Patterson*, 99 F. Supp. 2d at 1214.

Accordingly, the Court determines that the total amount of fees that shall be awarded to Plaintiff is $7,368.59 (39.4 hours x $187.02 per hour).

## III.

## ORDER

Based on the foregoing, IT IS ORDERED THAT:

1. Plaintiff's Motion for Attorney Fees Pursuant to the EAJA, [Docket No. 23], is **GRANTED IN PART**.

2. Judgment shall be entered awarding EAJA fees and costs in the amount of

1 | $7,368.59 to Plaintiff.[3/]

3 | DATED: 9/2/14

　　　　　　　　　　　　　　　　　　　HON. GEORGE H. KING
　　　　　　　　　　　　　　　　　　　CHIEF UNITED STATES DISTRICT JUDGE

---

[3/] Defendant asserts that, should fees be distributed, they should be made payable to Plaintiff. (Opp. at 7-8.) The term "prevailing party" under the EAJA refers to the prevailing litigant, not their attorney. 28 U.S.C. §2412(d)(1)(A); *Astrue v. Ratliff*, 130 S. Ct. 2521, 2525-29 (2010).